UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKERLANGE ALTIDOR, and BERNADE ALTIDOR, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.  4:12CV1997 TIA |
| MISSOURI METALS, LLC., and PERKINELMER, INC., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants PerkinElmer, Inc. and Missouri Metals, LLC's Motion to Dismiss (Docket No. 11).  Plaintiffs Mikerlange Altidor and Bernade Altidor filed a Memorandum in Opposition to the Motion to Dismiss (Docket No. 18).[1]  Defendants filed a Reply (Docket No. 19) thereto.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On September 12, 2012, Plaintiffs filed this putative class action Petition against Defendants in the Circuit Court of St. Louis County.  Plaintiffs allege that Defendants own real property located

---

[1] Defendants filed their Motion to Dismiss on November 2, 2012 and thereafter Plaintiffs filed their Memorandum in Opposition on November 30, 2012.  Plaintiffs thus were on notice for some time that the sufficiency of their pleadings was being attacked.  While Plaintiffs made a request for leave to amend in their memorandum in opposition to Defendants' Motion to Dismiss if the Court should find their Petition deficient, this is not the same as filing a motion to amend. Process Controls Int'l, Inc. v. Emerson Process Mgmt., No. 4:10cv645 CDP, 2011 WL 6091722, at *4 (E.D. Mo. Dec. 7, 2011) (citing Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 784 (6th Cir. 2000)) ("Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."). Plaintiffs also failed to attach a proposed amendment.  See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (holding that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate).

at 9970 Page Avenue in Overland, Missouri ("Site") and that sometime in the late 1980s, Defendants spilled certain chemicals, namely perchloroethylene ("PCE") and trichloroethylene ("TCE") in the operation of business at the Site. (Pet. at ¶¶ 11 and 15). Plaintiffs allege that these chemicals then migrated and contaminated the soil and groundwater of the adjacent properties of Plaintiffs and the putative class members. (Id. at ¶ 17). In the three-count Petition, Plaintiffs seek damages and other relief related to their property for breach of nuisance (Count I), trespass (Count II), and negligence (Count III).

At the outset the undersigned notes, Plaintiffs in their Opposition include allegations outside of their pleadings set forth in the Petition. "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed. 1990). The Eighth Circuit Court of Appeals had held that "'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss...." Enervations, Inc. v. Minn. Mining and Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004). The new allegations in the Opposition are unsupported by any pleadings or documentary evidence submitted with the Petition or any other filing. Such allegations clearly fall outside the realm of matters that the Court can consider on a Rule 12(b)(6) motion to dismiss. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Gross v. Weber, 186 F.3d 1089, 1090 (8th Cir. 1999) ("On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in the light most favorable to [the non-movant]."). A Rule 12(b)(6) motion "will succeed or fail based upon the allegations contained in the face of the complaint." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). Therefore, the Court will

not consider the allegations outside of the Petition.

## Facts

Accepting as true all factual allegations in the First Amended Complaint and viewing them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court sets forth the following facts[2]:

Plaintiffs allege they own property located at 1452 Elmridge Place in St. Louis, Missouri. (Pet. at ¶ 10). Plaintiffs allege that Defendants own real property located at 9970 Page Avenue in Overland, Missouri ("Site") and that sometime in the late 1980s, Defendants spilled certain chemicals, namely perchloroethylene ("PCE") and trichloroethylene ("TCE") in the operation of business at the Site. (Id. at ¶¶ 11 and 15). An area of residential development comprised of fifty single family residences and twenty-six multi-family dwellings, commonly referred to as Elmwood Park neighborhood, is located directly south and southeast of the Site. (Id. at ¶ 14).

Plaintiffs allege that Defendants spilled a number of chemicals, namely perchloroethylene ("PCE") and trichloroethylene ("TCE") in the operation of business at the Site in 1988 or 1989. (Id. at ¶ 15). As a result of the spills, Plaintiffs allege that PCE, TCE, and other chemicals leaked or migrated from the Site onto nearby properties, including the residential properties in the Elmwood Park neighborhood, contaminating the soil and groundwater, becoming an airborne contaminant, and entering the residences in the Elmwood Park neighborhood. (Id. at ¶¶ 17, 19).

Testing of the indoor air of three residences in the Elmwood Park neighborhood by the Missouri Department of Natural Resources in 2001 revealed levels of PCE and TCE in excess of the

---

[2]These well-pleaded facts are taken from Plaintiffs' Class Action Petition and are considered as true for the purposes of this Memorandum and Order. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989).

United States Environmental Protection Agency's Regional Screening Levels for residential air for the respective chemicals. (Id. at ¶ 20). Plaintiffs allege that Defendants knew and should have known of the spills and the continuing harm and migration of the TCE, PCE, and other chemicals. (Id. at ¶ 23). Plaintiffs further allege that Defendants have not fully investigated or cleaned up the leaks and spills of TCE, PCE, and other chemicals from the Site. (Id. at ¶ 27). Plaintiffs allege that Defendants have caused damages and injuries to Plaintiffs by improperly disposing of chemicals on the Site leading to the contamination of Plaintiffs' property. (Id. at ¶ 32). As a result of the TCE, PCE, and other chemicals leaking and migrating from the Site, Plaintiffs allege the soil and groundwater on their property needs extensive remediation activities to bring in compliance with state and federal law, and the value of the property is significantly decreased. (Id. at ¶ 33).

## Standard for Ruling on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, if a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and should be dismissed for failure to state a claim. Id. (internal quotation marks and citation omitted). Determining whether a claim for relief is plausible is a context-specific task requiring the court to draw on its judicial experience and common sense. Id. at 1950.

While the Court cautioned that the holding does not require a heightened fact pleading of

specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 555 U.S. at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.  Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Twombly, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts' standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. 555-56 & n.3). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Against this backdrop, the undersigned determines Plaintiffs have plead sufficient facts to raise a right to relief as claimed in the three counts of their Petition. Plaintiffs' Petition contains counts for nuisance, trespass, and negligence.

**Discussion**

In Count I of their Petition, Plaintiffs allege Defendants' spills of chemicals on or near the Site resulted in PCE, TCE, and other chemicals to leak or migrate from the Site onto their property contaminating the soil and groundwater.

Generally, "[n]uisance is the unreasonable, unusual or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property." Davis v. J.C. Nichols Co., 714 S.W.2d 679, 684 (Mo. Ct. App. 1986). The focus is defendant's unreasonable interference with the use of and enjoyment of [another's] land." Byrom v. Little Blue Valley Sewer Dist., 16 S.W.3d 573, 576 (Mo. banc 2000). Although there is no exact formula to determine the existence of a nuisance, the relevant factual considerations include the locality, character of the neighborhood, nature of the use, extent and frequency of the injury, and the effect of the defendants' conduct upon the enjoyment of life, health and property of those affected. Moore v. Weeks, 85 S.W.3d 709, 716 (Mo. Ct. App. 2002). In Cook v. DeSoto Fuels, Inc., 169 S.W. 3d 94, 102-03 (Mo. Ct. App. 2005), the Missouri Court of Appeals found that "[t]he plaintiff's allegations that [defendant] caused gasoline to enter their property can constitute a claim for both trespass and nuisance because that contamination involves a direct physical invasion that interferes with both the right to possession and the use and enjoyment of property." (citations omitted).

In Count II of their Petition, Plaintiffs allege Defendants committed trespass by allowing migration of TCE and other chemicals onto their property without their permission.

Where real estate is involved, "trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight." Rosenfeld, 28 S.W.3d 449. The unauthorized entry may be made by a person or an object as a result of a

person's actions. Id. The tort of trespass arises from the "direct physical interference with the person or property of another." Looney v. Hindman, 649 S.W.2d 207, 212 (Mo. banc 1983).

In Count III of their Petition, Plaintiffs allege Defendants were negligent by failing "to control and contain the TCE and other chemicals and to stop the migration of these hazardous chemicals from the subject site onto Plaintiffs' and Class Members' properties." (Pet. at ¶ 64).

The essential elements of a negligence claim are: 1) the existence of duty by the defendant to protect plaintiff from injury; 2) defendant failed to perform that duty; and 3) defendant's failure proximately caused injury to plaintiff. Lopez v. Three Rivers Elec. Coop., Inc., 26 S.W.3d 151, 155 (Mo. banc 2000).

Defendants argue that the Petition fails to state a cause of action, because Plaintiffs have not alleged contamination to their property, when the contamination occurred, and how their property value has been damaged by the contamination on other properties.

A review of the instant Petition shows Plaintiffs allege that Defendants spilled a number of chemicals on or near the subject site, including but not limited to a spill in 1988 or 1989 and that as a result of these spills, PCE, TCE, and other chemicals leaked or migrated from the subject site onto nearby properties, contaminating the soil and groundwater, thereby contaminating the properties of Plaintiffs and Class Members. Plaintiffs further allege their property value has been dramatically reduced as a result of the contamination.

In support, Defendants cite to Adinolfe v. United Techs. Corp., 2011 WL 240470 (S.D. Fla. Jan. 18, 2011), an unpublished decision that has not been cited by any other court. The Adinolfe court found that plaintiffs made some allegations suggesting that some parts of the properties may be contaminated, but the allegations fell short of actually alleging contamination of plaintiffs'

properties. The court found that none of the 323 plaintiffs alleged "that any chemical or other substance from Defendant's property has contaminated or otherwise affected their properties" or they "tested their properties and found any contamination from any source." Id. at *2. The undersigned finds that Defendants' reliance is misplaced. Although Plaintiffs have not alleged testing to their property, they did allege testing of adjacent properties in the subject Site revealing contamination. While Adinolfe is somewhat analogous to the instant action, its authority is rather negated in light of the instant facts and its unpublished status. Likewise, the undersigned notes the Adinolfe court dismissed the complaint without prejudice and allowed plaintiffs time in which to file an amended complaint.

In U.S. Bank Nat'l Ass'n v. Parker, 2010 WL 2735661 at *3-4 (E.D. Mo. July 9, 2010), the Court dismissed the action holding that information and belief alone is too speculative to give defendant sufficient notice of the basis for the claims. Here, a review of the Petition shows the term "upon information and belief" to be used in one paragraph. Further, the undersigned notes that although the Honorable Henry Autrey found the allegations in the petition to be insufficient to state claims beyond the speculative level, he sua sponte ordered "that Plaintiff may file a motion to amend within 14 days ... for the Court's consideration." Id. at *6. Accordingly,

**IT IS HEREBY ORDERED** that Defendants PerkinElmer, Inc. and Missouri Metals, LLC's Motion to Dismiss (Docket No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall file a responsive pleading to Defendants' Motion for Lone Pine Case Management Order no later than June 17, 2013.

                                        /s/ Terry I. Adelman

                                        UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of May, 2013.