UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKERLANGE ALTIDOR and <br> BERNADE ALTIDOR, <br><br> Plaintiffs, <br><br> v. <br><br> MISSOURI METALS, LLC. and <br> PERKINELMER, INC., <br><br> Defendants. | Case No. 4:12CV1997 TIA |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for *Lone Pine* Case Management Order (Docket No. 20). The parties have responded to the pending motion. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

This is a civil action brought by Plaintiffs Mikerlange and Bernade Altidor on behalf of a class of property owners "so numerous that the individual joinder of all absent members is impracticable ... [and] likely includes more than thirty members." (Class Action Petition at ¶¶ 8, 34, 36). Plaintiffs allege that Defendants own real property located at 9970 Page Avenue in Overland, Missouri ("Site") and that sometime in the late 1980s, Defendants spilled certain chemicals, namely perchloroethylene ("PCE") and trichloroethylene ("TCE"), in the operation of Defendants' business at the Site. Id. at ¶¶ 11, 15. Plaintiffs further allege that these chemicals then migrated onto adjacent properties of Plaintiffs and the putative class members. Id. at ¶ 17. In the Class Action Petition, Plaintiffs assert that an area of residential development comprised of fifty single family residences and twenty-six multi-family dwellings, commonly referred to as Elmwood Park neighborhood, is located directly south and southeast of the Site. Id. at ¶ 14.

Defendants request the entry of a *Lone Pine*[1] modified case management order requiring Plaintiffs to make a prima facie showing on the issue of contamination before discovery may begin. Asarco LLC v. NL Indus., Inc., 2013 WL 943614 at * 3 (E.D. Mo. Mar. 11, 2013) (the Honorable John A. Ross granted the entry of Lone Pine order and noting "such an order will keep this case moving forward in a meaningful way" and "entry of such an order will not obligate any of the Defendants to conduct discovery until such time as [plaintiff] establishes its prima facie case."). For the following reasons, Defendants' argument is well taken, and the undersigned will enter a *Lone Pine* case management order.

In particular, Defendants request that Plaintiffs be required to establish the following: (a) the identity of all parcels of real property that each Plaintiff owns and that each Plaintiff claims to have the presence of any alleged contaminants; (b) the identity of any testing for contaminants that has been performed on each Plaintiff's property, the dates of such testing, and the individual or company who performed such testing; (c) the identity of any alleged contaminants discovered on each Plaintiff's property, and the time period when such contamination was discovered; (d) the identity of an expert, professional address, and curriculum vitae, and the expert's opinion regarding whether parcels owned by Plaintiffs contain hazardous contaminants and are contaminated; whether Defendants caused such contamination on the parcels owned by Plaintiffs; the identity of the materials or substances that caused the alleged contamination; and the value of each Plaintiff's property after the claimed date of contamination.

---

[1] In Lone v. Lone Pine Corp., 1986 WL 635707 (N.J.Sup.Ct. Nov. 18, 1986), the court required plaintiffs to make a prima facie showing of exposure and causation before full discovery and other procedures were permitted.

Plaintiffs oppose the use of a *Lone Pine* order in this case arguing that such an order will prejudice them.  Although Plaintiffs contend that such an order is not warranted because few parties are involved, the undersigned notes that they filed the instant action as a Class Action Petition.

The instant putative class action involves complex allegations of property damage allegedly resulting from contamination.  In their Reply, Defendants have submitted recent testing completed in April 2013 showing no contamination on Plaintiffs' property, and the test results show that the alleged contaminants, TCE or PCE were undetected at Plaintiffs' residence.  Like the court in <u>Burns v. Universal Crop Protection Alliance</u>, the undersigned agrees "that in this case, a preliminary showing on causation is necessary for efficient case management."  2007 WL 2811533, at *3 (E.D. Ark. Sept. 25, 2007).

Consideration of the aforementioned factors persuades the Court that Defendants' Motion for *Lone Pine* Case Management Order should be granted  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for *Lone Pine* Case Management Order (Docket No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit, within twenty (20) days of the date of this Order, a joint proposed scheduling plan for discovery necessary to develop evidence on the issue of contamination.  Following receipt of the joint proposed scheduling plan, the Court will set a scheduling conference with the parties.

Dated this   18th   day of July, 2013.

                                                  /s/ Terry I. Adelman
                                                  UNITED STATES MAGISTRATE JUDGE